Hospedales v New York City Tr. Auth. (2023 NY Slip Op 00654)

Hospedales v New York City Tr. Auth.

2023 NY Slip Op 00654

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2020-05320
 (Index No. 510561/16)

[*1]Crystal G. Hospedales, appellant, 
v
New York City Transit Authority, et al., respondents.

William Pager, Brooklyn, NY, for appellant.
Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated June 25, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident that occurred on October 14, 2015. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the motion. The plaintiff appeals.
The defendants met their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208).
Since the defendants failed to establish that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were not caused by the accident, the burden never shifted to the plaintiff to explain any gap in treatment (see Cortez v Nugent, 175 AD3d 1383, 1384; see generally Pommells v Perez, 4 NY3d 566, 572).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
BARROS, J.P., CONNOLLY, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court